IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARYFRANCES A. COON,

    Plaintiff,

v.                                        Civil Action No. 3:18cv108

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Federal National Mortgage Association's ("FNMA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (the "Motion to Dismiss"). (ECF No. 14.) Plaintiff Maryfrances A. Coon responded, and FNMA replied. (ECF Nos. 16, 17.) Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[2] For the reasons that follow, the Court will grant FNMA's Motion to Dismiss.

---

[1] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Coon is a citizen of Virginia and FNMA is a citizen of the District of Columbia. The Complaint alleges damages exceeding $75,000.

# I. Factual and Procedural Background

## A. Procedural History

Coon filed her original, three-count Complaint against FNMA and Defendant Equity Trustees, LLC ("Equity")[3] in the Circuit Court for Amelia County, Virginia. She sued for (I) "[r]escission of [f]oreclosure and [t]rustee's [d]eed and for [d]amages on [g]rounds of [d]ual foreclosure;" (II) "[r]escission of [f]oreclosure and [t]rustee's [d]eed and for [d]amages on [g]rounds of [b]reach of the [c]ure-[n]otice [r]equirement of [p]aragraph 22 of the [d]eed of [t]rust;" and, (III) "[b]reach of [i]mplied [c]ovenant of [g]ood [f]aith and [f]air [d]ealing: [s]uit for [d]amages." (Compl. 3, 7, 8, ECF No. 1-1.)

FNMA removed the action to this Court under 28 U.S.C. § 1441[4] on the basis of diversity jurisdiction. Coon did not seek remand, and FNMA timely filed a motion to dismiss. Coon responded, and FNMA replied. On August 15, 2018, this Court dismissed Equity without prejudice, dismissed Count I of the Complaint with prejudice, dismissed Counts II and III without prejudice, and granted Coon leave to file an amended complaint.

---

[3] Nothing in the record indicates that Coon ever served Equity. In its August 15, 2018 Memorandum Opinion, this Court dismissed Equity as a defendant in this action. (Aug. 15, 2018 Mem. Op. 6–10, ECF No. 9.)

[4] Section 1441 provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Coon timely filed her Amended Complaint against FNMA only and asserted only a single claim of breach of the implied covenant of good faith and fair dealing. FNMA then filed the instant Motion to Dismiss. Coon responded, and FNMA replied.

B. **Summary of Allegations in the Amended Complaint**[5]

This case centers around FNMA's alleged wrongful foreclosure of Coon's home (the "home"). Sometime before February 9, 2008, Coon inherited the home from her parents, free of any outstanding mortgage lien. On February 9, 2008, Coon conveyed ownership of the home to her husband, Stanley Coon ("Stanley"). The same day, Stanley entered into a mortgage loan with Advanced Financial Services, Inc. ("AFNI"), evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust").[6] The Deed of Trust identified Stanley as the "Borrower."[7] (Deed of Trust 2, ECF No. 11-1 ("'Borrower' is Stanley G[.] Coon.").)

---

[5] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Amended Complaint to be true and will view them in the light most favorable to Coon. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

[6] Coon attached the Deed of Trust to her Amended Complaint as Exhibit A. (ECF No. 11-1.) FNMA attached a copy of the Note to its Memorandum in Support of the Motion to Dismiss. (ECF No. 15-1.) Because the Note is "central to [Coon]'s claim[s], . . . sufficiently referred to in the complaint," and neither party disputes its authenticity, the Court will consider this document, in addition to the Deed of Trust, in ruling on the Motion to Dismiss. *Witthohn v. Fed. Ins.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). Of course, "in the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

[7] Coon alleges that the Deed of Trust "identified 'Borrower' as both of the Coons." (Am. Compl. ¶ 9, ECF No. 11.) Although the first page of the Deed of Trust says: "This Deed of Trust is given by Stanley G[.] Coon & Maryfrances Coon," and both Stanley and Coon signed the document, (Deed of Trust 1, 14), the Deed of Trust unambiguously identifies only Stanley as the Borrower. Given this conflict between the "bare allegations of the complaint and [the] exhibit attached . . . , the exhibit prevails." *Fayetteville Inv'rs*, 936 F.2d at 1465.

3

Stanley passed away on July 11, 2011. At some point, according to Coon, AFNI assigned the Note to FNMA, which "claimed status as the owner of the [N]ote" and retained Seterus, Inc. ("Seterus"), to service the loan. (Am. Compl. ¶¶ 11, 12, ECF No. 11.)

The Deed of Trust contains two provisions relevant to Coon's claims. First, the Deed of Trust defines applicable law as "all controlling applicable federal, state[,] and local statutes, regulations, ordinances[,] and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions" (the "Applicable Law Definition"). (Deed of Trust 3.) Second, paragraph twenty-two of the Deed of Trust governs acceleration and foreclosure of the loan. That paragraph provides, in relevant part:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in [the Deed of Trust] . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and[,] (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the Deed of Trust] and sale of the Property. . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by [the Deed of Trust] without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. . . .
>
> If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law. . . . Lender or its designee may purchase the Property at any sale.

(Deed of Trust 13 (the "Foreclosure Clause").)

At an unidentified time in 2015, Seterus sent "correspondence" addressed to the Estate of Stanley Coon, "promis[ing] a loan modification based on qualification for the same and based on acceptance by telephone by a specified date and timely payment of three trial payments." (Am. Compl. ¶ 16.) Coon alleges that she called Seterus within the stated deadline, identified herself as Stanley's widow, "accepted the trial payment and loan modification offer," and timely made

4

the three trial payments. (*Id.* ¶¶ 17, 18.) However, some time in 2016, Seterus "sent back the third payment," informing Coon that she must assume the loan. (*Id.* ¶ 20.)

On January 19, 2016, Seterus sent a letter addressed to Stanley G. Coon. (*Id.* ¶ 21.) On the same day, Seterus sent a letter addressed to Coon.[8] (*Id.* ¶ 22.) "Both [letters] gave a deadline of February 23, 2018 to bring the loan current and indicated that failure to do so could result in acceleration of the [N]ote and foreclosure under the [D]eed of [T]rust." (*Id.* ¶ 23.) Each letter stated that the loan was in default. (*Id.* ¶ 26.)

Coon contacted Seterus, and Seterus told Coon "she was required to complete certain paperwork towards assumption of the loan." (*Id.* ¶ 31.) Seterus also told Coon "to ignore the 30-day cure notice and not to make any further payments until the application process involving the paperwork for assumption of the loan was completed." (*Id.* ¶ 32.) Coon sent the requested paperwork to Seterus, disregarded the cure notice, and did not make further payments to bring the loan current. (*Id.* ¶¶ 35, 39.) Coon alleges that Seterus repeatedly told her she had "sent everything necessary for assumption of the loan," and then "repeatedly told [her] that Seterus needed more." (*Id.* ¶¶ 40, 41.) According to Coon, this happened at least three times. (*Id.* ¶ 40.)

At some point, Seterus appointed Equity as "substitute trustees." (*Id.* ¶ 19.) Thereafter, "Seterus, on behalf of [FNMA], instructed Equity . . . to foreclose on the home." (*Id.* ¶ 42.) Equity advertised the home for a foreclosure sale to occur on March 29, 2017. (*Id.*)

Coon learned of the foreclosure sale "about a week before" the scheduled sale, and called Seterus to ask why the home was scheduled for foreclosure. (*Id.* ¶¶ 43, 44.) Seterus told Coon that it needed additional paperwork, and that Coon must be "appointed as administrator on [sic] Stanley Coon's estate." (*Id.* ¶¶ 44, 46.) Coon sent Seterus "proof of her appointment as

---

[8] The Amended Complaint refers to this letter, and the one addressed to Stanley, collectively as a "cure notice."

5

administrator" of Stanley's estate[9] on March 28, 2017, the day before the scheduled foreclosure. (*Id.* ¶ 48.) Seterus nevertheless "instructed Equity . . . to proceed with foreclosure of the home." (*Id.* ¶ 49.) Equity conducted a foreclosure sale, at which FNMA made the high bid of $166,858.56, even though the home was assessed for tax purposes at $212,400.00. (*Id.*) Coon contends that Equity "acted on its own and as agent for [FNMA]" when it conducted the foreclosure sale. (*Id.* ¶ 50.)

Seemingly some time thereafter, FNMA "advertised an Internet Auction to sell the home," but Coon's filing of this lawsuit suspended the auction before it took place. (*Id.* ¶ 52.) Nothing in the record indicates that the auction has since occurred. FNMA also, at some point, "posted a notice on the door of the home asserting that Coon and any other occupants had 30 days to vacate the home." (*Id.* ¶ 53.)

The Amended Complaint alleges that FNMA breached the implied covenant of good faith and fair dealing.[10] Coons avers that the Deed of Trust contained an implied covenant of good faith and fair dealing that prevented the lender and borrower from doing "anything to have the effect of destroying or injuring the opposing party of the benefit of the other party's rights and

---

[9] Nothing in the Amended Complaint indicates a reason for the six-year lapse in time between Stanley's death and Seterus's request that Coon submit paperwork establishing herself as administrator of Stanley's estate.

[10] Coon labeled this claim "Suit for Rescission of Foreclosure and Trustee's Deed and for Damages on Grounds of Dual Foreclosure," but her Amended Complaint solely requests compensatory damages arising from FNMA's alleged breach of the implied covenant of good faith and fair dealing. (Am. Compl. 3.) Although Coon does not address this difference in her response to the Motion to Dismiss, she asserts that "Coon, by counsel, submits that the amended complaint pled a claim for breach of . . . the implied covenant of good faith and fair dealing incorporated by common law into any contract." (Resp. Mot. Dismiss 4, ECF No. 16.)

As FNMA noted in its Memorandum in Support of its Motion to Dismiss, Coon misstates the title of the claim. (Mem. Supp. Mot. Dismiss 5 n. 3, ECF No. 15.) The Court will interpret Coon's claim as one based only on the alleged breach of the implied covenant of good faith and fair dealing.

benefits under the" Deed of Trust. (Am. Compl. ¶ 27.) Coon further alleges that by "accepting assignment of the ownership of the [N]ote," FNMA assumed the obligations of the implied covenant of good faith and fair dealing towards Coon. (*Id.*) She asserts that FNMA breached this covenant "by acting to dissuade [her] from bringing the loan current." (*Id.* ¶ 55.) Coon asserts that she suffered damages in that she was deprived of record title and quiet enjoyment of the home, and lost equity in the home and interest on that equity. Coon seeks compensatory damages.

FNMA seeks dismissal of Coon's Amended Complaint under Rule 12(b)(6) for failure to state a claim. It asserts that Coon "has effectively just restated the same breach of the implied covenant claim that [this Court] previously dismissed." (Mem. Supp. Mot. Dismiss 1, ECF No. 15.)

In response, Coon emphasizes her position that, as the sole heir of her husband (the borrower), "the only entity who [could] pay on the mortgage," and a party to the Deed of Trust, FNMA breached the implied covenant by instructing her not to make payments on the loan. (Resp. Mot. Dismiss 5–6, ECF No. 16.)

## II. Standard of Review: Federal Rule of Civil Procedure 12(b)(6) Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for

relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis: The Court Will Grant FNMA's Motion to Dismiss

Because the Deed of Trust contained no implied covenant of good faith and fair dealing and, even if it did, Coon fails to allege that FNMA breached that implied covenant, Coon cannot state a claim for breach of the implied covenant of good faith and fair dealing. For this reason, the Court will dismiss the Amended Complaint with prejudice.[11]

---

[11] FNMA asserts that the Deed of Trust contains no implied covenant of good faith and fair dealing, and moreover, that there exists no such implied covenant between Coon and FNMA because Coon was not a party to the Note. (Mem. Supp. Mot. Dismiss 5–6.) As such, FNMA avers that Coon does not have standing to maintain her suit based on the Note. (*Id.* 6.) Coon

### A. Legal Standard: Breach of the Implied Covenant of Good Faith and Fair Dealing

A claim for breach of the implied covenant of good faith and fair dealing under Virginia law[12] requires: "(1) a contractual relationship between the parties, and[,] (2) a breach of the implied covenant." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) (citations omitted). A breach of this duty, however, is not a separate tort, but rather "gives rise only to a cause of action for breach of contract." *Smith v. Flagstar Bank, F.S.B.*, No. 3:14cv741, 2015 WL 1221270, at *6 (E.D. Va. Mar. 17, 2015) (quoting *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 385 (Va. 1996)).

The United States Court of Appeals for the Fourth Circuit has held that claims for a breach of the implied covenant of good faith and fair dealing under the Uniform Commercial Code (the "UCC") fail as a matter of law because "the UCC does not apply to transfers of real property." *Jones v. Fulton Bank, N.A.*, 565 F. App'x 251, 253 (4th Cir. 2014) (per curiam).

---

acknowledges that she was not a party to the Note, but argues that "the lender had an obligation not to persuade her to . . . bring the loan current," impliedly averring that she had standing to bring this lawsuit. (Am. Compl. ¶ 29.) She also insists that she "was a party to the [D]eed of [T]rust and therefore entitled under common law not to be told by the lender to disregard the" cure notice. (Resp. Mot. Dismiss 6.) Coon cites no authority to support these arguments.

Because Coon's claim that FNMA breached the implied covenant of good faith and fair dealing fails as a matter of law, for the purpose of deciding the instant Motion to Dismiss, the Court will assume without deciding that Coon has standing to bring this suit.

[12] The Deed of Trust contains an express choice-of-law provision, which provides that "federal law and the law of the jurisdiction in which the Property is located" shall govern the contract terms. (Deed of Trust 11, ECF No. 11-1.) The Property is located in Fairfax, Virginia. This Court applies Virginia law to this claim under diversity jurisdiction, *see, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941), and "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances," *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). Accordingly, Virginia law governs the terms of the Deed of Trust.

Courts within this district offer differing interpretations. Some conclude that "Virginia law 'does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the [UCC], and the [UCC] expressly excludes the transfer of realty from its provisions.'" *Burke v. Nationstar Mortg., LLC*, No. 3:14cv837, 2015 WL 4571313, at *7 (E.D. Va. July 28, 2015) (quoting *Bagley v. Wells Fargo Bank, N.A.*, No. 3:12cv617, 2013 WL 350527, at *6 (E.D. Va. Jan. 29, 2013); *see also Bagley*, 2013 WL 350527, at *6 (same); *Harrison v. U.S. Bank Nat'l Ass'n*, No. 3:12cv224, 2012 WL 2366163, at *2 (E.D. Va. June 20, 2012) ("Virginia, however, does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the [UCC], and the [UCC] 'expressly excludes the transfer of realty from its provisions.'" (quoting *Greenwood Assocs. Inc. v. Crestar Bank*, 448 S.E. 2d 399, 402 (Va. 1994)). Others suggest that a plaintiff may "assert a legal claim for breach of the duty of good faith and fair dealing implied in the Note and Deed of Trust."[13] *Bourdelais v. JPMorgan Chase Bank, N.A.*, No. 3:10cv670, 2012 WL 5404084, at *4 (E.D. Va. Nov. 5, 2012);[14] *see also Cagle v. CitiMortgage, Inc.*, No. 3:13cv807, 2015 WL 2063990, at *8 (E.D. Va. May 1, 2015) ("Contracts governed by Virginia law, including those governing mortgages such as a deed of trust, contain an implied covenant of good faith and fair dealing."); *Covarrubias v. CitiMortgage, Inc.*, No. 3:14cv157, 2014 WL 6968035, at *3 (E.D. Va. Dec. 8, 2014) ("Contracts governed by Virginia law contain an implied covenant of good faith and fair dealing."), *vacated in non-relevant part*, 623 F. App'x 592 (4th Cir. 2015) (per curiam).

---

[13] Coon adopts this approach in her Amended Complaint, but she cites no authority beyond *Bourdelais* to support her contention. (Am. Compl. ¶ 27.)

[14] In the Court's August 15, 2018 Memorandum Opinion, the Court recognized that Coon did not specify in her original complaint or in her response to the first motion to dismiss which of this Court's two *Bourdelais* opinions she relied on. In her Amended Complaint, Coon specified that she relied on the later *Bourdelais* opinion, decided in 2012. *Bourdelais*, 2012 WL 5404084.

Assuming without deciding that the implied covenant of good faith and fair dealing applies to the Deed of Trust, and that Coon was a party to the Deed of Trust, Coon fails to state a claim for breach of that covenant because no breach occurred.

### B. FNMA Did Not Breach Its Contractual Duties

The duty of good faith and fair dealing "prohibits a party from acting arbitrarily, unreasonably, and in bad faith" or "in such a manner as to prevent the other party from performing its obligations under the contract." *Bourdelais*, 2012 WL 5404084 at *5 (quoting *SunTrust Mortg., Inc. v. Mortgs. Unlimited, Inc.*, No. 3:11cv861, 2012 WL 1942056, at *3 (E.D. Va. May 29, 2012)). However, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 493 S.E.2d 516, 520 (Va. 1997). In other words, the implied covenant "cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist." *Id.* (citations omitted).

Coon asserts that FNMA breached the implied covenant of good faith and fair dealing under the Deed of Trust by instructing her to make no further payments on the loan until the completion of the loan assumption application process. (Am. Compl. ¶ 32.)

Although Coon contends that Seterus instructed her "not to make any further payments" on the loan,[15] (Am. Compl. ¶ 32), she does not plead facts supporting a plausible inference that FNMA prevented her from performing her obligations under the contract; i.e., that FNMA prevented Coon or Stanley's Estate from making timely payments before any attempt at loan

---

[15] In her Amended Complaint, Coon states that, "had [FNMA] . . . not instructed her to make no payments during the loan application process, [she] would have acted to have the loan brought current to avoid foreclosure." (Am. Compl. ¶ 36.) This contention will not save her claim from dismissal, however, because it does not support a plausible inference that FNMA *prevented* her from performing her obligations under the contract.

11

modification commenced, and, importantly, before Coon defaulted on the loan. Courts generally have allowed a good faith and fair dealing claim to survive under Rule 12(b)(6) only when an affirmative representation by the defendant caused the plaintiff to breach the note and deed of trust resulting in foreclosure.[16] Notably, courts have found that good faith and fair dealing claims fail when the affirmative representation at issue took place after the plaintiff had already defaulted on the loan.[17]

As unseemly as her allegations read, Coon's Amended Complaint does not plausibly allege an affirmative inducement by FNMA that caused Coon to fail to meet any obligation she allegedly had under the mortgage. Instead, even read favorably, it suggests that Stanley's Estate had already defaulted on the loan when Seterus instructed Coon to make no further payments. (Am. Compl. ¶¶ 21–26, 32.) Moreover, FNMA did not "breach implied duties when it exercise[d] its rights created under the contract" to foreclose based upon the failure to make

---

[16] *See Bourdelais*, 2012 WL 5404084, at *5 ("Bourdelais alleges that Chase's incorrect representation of the eligibility requirements for the modification induced her to default and breach her obligation under the Note and Deed of Trust."); *Acuna v. Chase Home Fin., LLC*, No. 3:10cv905, 2011 WL 1883089, at *6 (E.D. Va. May 17, 2011) (Plaintiff alleges defendant breached the implied covenant of good faith and fair dealing by: "(1) inducing him to default by telling him his chances of receiving a loan modification would increase if he did so; (2) falsely assuring Acuna about the status of his modification; [and,] (3) falsely assuring Acuna the home would not be sold at the foreclosure sale.").

[17] *See Adt v. Nationstar Mortg. LLC*, No. 3:17cv162, 2018 WL 1569078, at *11 (E.D. Va. Mar. 30, 2018) (dismissing plaintiff's breach of the covenant of good faith and fair dealing claim, and finding that the loan servicer did not breach its contractual obligations when it foreclosed on the plaintiff's property because its representations to the plaintiff occurred after she had defaulted and did not prevent her "from performing her obligations under the contract"), *Flagstar Bank*, 2015 WL 1221270 at *6–7 (distinguishing *Bourdelais* by noting that the plaintiff had already defaulted before the defendant made the alleged misrepresentation, unlike the timing in *Bourdelais*).
Coon references *Bourdelais* in her Amended Complaint and in her Response to the Motion to Dismiss, but she fails to acknowledge these more recent cases, which limit the scope of *Bourdelais's* applicability.

mortgage payments. *Washington v. CitiMortg., Inc.*, No. 3:10cv887, 2011 WL 1871228, at *9 (E.D. Va. May 16, 2011) ("CitiMortgage had the explicit right to foreclose and sell the Washingtons' home to a third party when the Washingtons failed to make their mortgage payments."); *see also Covarrubias*, 2014 WL 6968035 at *3.

Even assuming that a duty of good faith and fair dealing were to exist in the context of a deed of trust, and even assuming that a contractual relationship existed between Coon and FNMA, Coon nevertheless fails to state a claim for breach of that implied covenant. The Court will dismiss the Amended Complaint with prejudice.[18]

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Date: 06/27/2019
Richmond, Virginia

---

[18] The Court's dismissal of the claim for breach of the implied covenant of good faith and fair dealing moots the issue of Coon's alleged damages. Coon's damages stem from her husband's estate's default on the loan, not a breach of the implied covenant by FNMA.

13